# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| R.A. BRIGHT CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6026 |
| | ) | |
| ARCH INSURANCE COMPANY, | ) | Consolidated with |
| | ) | |
| Defendant. | ) | No. 07 C 5060 |
| | ) | |
| | ) | Honorable Rebecca R. Pallmeyer |
| ARCH INSURANCE COMPANY, | ) | Judge Presiding |
| | ) | |
| Plaintiff, | ) | Honorable Geraldine Soat Brown |
| | ) | Magistrate Judge Presiding |
| v. | ) | |
| | ) | |
| R.A. BRIGHT CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO JOIN TCF NATIONAL BANK AS THE REAL PARTY-IN-INTEREST**

This consolidated litigation concerns Arch Insurance Company's ("Arch") improper handling of several worker's compensation claims asserted against R.A. Bright Construction, Inc ("Bright") (the "Bright Litigation") and the amounts Bright purportedly owes to Arch (the "Arch Litigation").

Arch's Rule 17 motion should be denied for two reasons. First, even if TCF Bank were the real party-in-interest (and it is not), the bank has explicitly ratified the Bright Litigation, thereby mooting Arch's motion in its entirety. Second, even in the absence of the TCF Bank ratification, Bright maintains a legitimate and substantial stake in the outcome of this litigation and therefore remains the real party-in-interest.

I.      **TCF Bank Ratified the Bright Litigation**

On June 15, 2010, TCF Bank executed a ratification agreement and delivered it to Arch's counsel the very same day. A copy of the ratification agreement and accompanying letter to Arch is attached hereto as Exhibit A. Pursuant to the ratification letter, TCF Bank specifically agrees to the following:

- TCF expressly authorizes, approves of and ratifies the Bright Litigation proceeding in the name of Bright.

- In the event of any judgment, verdict and/or recovery by Bright obtained or otherwise received in the Bright Litigation that determined liability and/or damages, TCF expressly agrees that it will not institute a separate action against Arch Insurance Company and waives any right to file a direct action against Arch Insurance Company arising out of the same operative facts and events that gave rise to the Bright Litigation.

- In the event of any settlement of the Bright Litigation, TCF will be bound by any release by Bright of Arch Insurance Company that is executed with the review and approval of TCF.

(Exhibit A, ¶¶ 3-5.)

Ratification is an accepted and legitimate way to cure any failure or claimed failure to prosecute an action in the name of the real party in interest. *See Rawoof v. Texor Petroleum Company, Inc.*, 521 F.3d 750 (7th Cir. 2008); *Robin Realty & Management Co. v. Karosen*, 1992 WL 281343 (N.D. Ill. 1992); *In re Chicago Flood Litigation*, 1993 WL 181881 (N.D. Ill. 1993). Indeed, Federal Rule 17(a) states:

> **No action shall be dismissed** on the ground that it is not prosecuted in the name of the real party in interest **until a reasonable time has been allowed after objection for ratification** of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

To date, Arch has presented no formal objection (other than its motion to dismiss) to Bright prosecuting this litigation in its own name. Assuming that Arch's motion is such an objection, TCF Bank ratified the Bright Litigation only three business days after receiving Arch's objection. Without question, TCF Bank's ratification of the Bright Litigation was within a reasonable amount of time after objection.

The ratification agreement *sub judice* is strikingly similar to a ratification letter tendered by an assignee of litigation rights in *Motta v. Resource Shipping & Enterprises Co.*, 499 F. Supp. 1365 (S.D.N.Y. 1980). In *Motta*, the letter of ratification stated that the assignee: (i) ratified the assignor's commencement and continuation of the suit; (ii) agreed to be bound by any judgment rendered in the action that determined liability and damages; (iii) agreed to be bound by any release; (iv) agreed that it would not institute a separate action against the defendant; and (v) reserved its lien and credit rights over the proceeds of the litigation. *Id*. at 1371. The *Motta* court quoted the Advisory Committee Notes to 1966 Amendment to Fed. R. Civ. P. 17(a) in support of the proposition that "the purpose of the real party in interest rule is to 'protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *See Motta v. Resource Shipping & Enterprises Co.*, 499 F. Supp. 1365 (S.D.N.Y. 1980); *see also T. deVries, B.V. v. Weinstein International Corp.*, 80 F.R.D. 452, 459 (D. Minn. 1978) ("As the central purpose of Rule 17 is to ensure that a defendant is protected against the potential for multiple liability, the agreement is of obvious relevance here. This agreement effectively obviates any risk that defendants will be subjected to multiple liability in the future from [the real parties-in-interest], as they have agreed to be bound by the resulting this litigation."). The *Motta* court further recognized: "A letter or document that ratifies the commencement and continuation of an action

3

may be sufficient to cure any real party in interest defects in the suit," and it concluded that the "twin purposes of Rule 17(a) described above—protection of the defendant and effectuation of res judicata—would therefore be achieved by ratification." *Id.* at 1371-72.

In the present case, Arch seeks relief pursuant to Rule 17 in the form of dismissal or, in the alternative, that TCF Bank be named the real party-in-interest. In addition to the vagueness of the alternative relief sought, Arch's motion provides no reason why it requests this specific relief. Presumably, Arch filed the motion to protect against subsequent litigation by TCF Bank and to insure that any judgment will have a preclusive effect over all interested parties, as these are the fundamental purposes identified in the rule's committee notes and recognized by the courts. If these are indeed the reasons for Arch's motion, then ratification certainly alleviates any of Arch's concerns. Dismissal is certainly unwarranted and not supported by the rule itself. Similarly, in light of TCF Bank's ratification, Rule 17 does not recognize any notion that TCF Bank be named as *the* real party-in-interest. This Court should therefore deny Arch's Rule 17(a) motion as moot.

## II.     Bright Remains the Real Party-in-Interest

Moreover, even in the absence of TCF Bank's ratification, Bright maintains a significant interest in the outcome of this litigation and therefore remains the real party-in-interest. As Arch points out, a real party-in-interest must have a stake in the litigation. (Mot. at 6 (*citing Old Ben Coal Co. v. OWVP*, 496 F.3d 418, 420 (7th Cir. 2007)). Arch argues, however, that Bright no longer is the real party-in-interest in this case, because "Bright does not own or have any stake in the very claims and causes of action alleged in Bright's Complaint." (Mot. at 1.) That simply is not true. Arch ignores Bright's continued significant interests in this litigation. Pursuant to the Turnover Agreement underlying Arch's entire motion, Bright had assigned its right, title and

4

interest in the Bright Litigation to TCF Bank in consideration for the bank's agreement to forebear enforcement of its rights with respect to several loan agreements between the parties. (Mot. at 2.) However, Paragraph 20 of the agreement specifically provides TCF Bank "shall be entitled immediately to exercise and enforce all of its rights and remedies against [Bright]" if Bright defaults on any of its obligations under the Agreement. (Mot. at Ex. B, ¶ 20.) In conjunction with the forbearance, TCF Bank and Bright entered into a Tolling Agreement, which Arch did not attach to its motion. A copy of the Tolling Agreement, Exhibit E to the Turnover Agreement, is attached as Exhibit B hereto. Bright therefore maintains a significant interest in this litigation because resolution of this case will affect the total remaining debt owed by Bright to TCF Bank, and the bank has not released Bright from its obligations under the loans.

Moreover, while Bright maintains a sufficient interest in this litigation by virtue of the original Turnover Agreement, the subsequently executed Amendment further supports a determination that Bright is the real party-in-interest. The Amendment vacated the Turnover Agreement's prior assignment to TCF Bank of the Bright Litigation and instead granted only a security interest in the net proceeds of the litigation. (Mot. at Ex. C.) Pursuant to the Amendment, Bright retained its control over the Bright Litigation and transferred only a security interest in the net proceeds of the litigation to TCF Bank. As with the original Turnover Agreement, TCF Bank has not given up its right to proceed against Bright for any amount due in excess of the litigation proceeds. Thus, Bright continues to have a stake in this litigation, and it therefore remains the real party-in-interest.[1]

The case *sub judice* is distinguishable from cases cited by Arch in support of its notion that an assignee of a cause of action is the real party-in-interest under Rule 17. (Mot. at 5.) In

---

[1] With respect to Arch's contention that the Amendment is ineffective due to lack of consideration, Arch lacks standing to argue lack of consideration in a contract to which it is not a party. Further, the Amendment on its face acknowledges the receipt and sufficiency of consideration.

5

*Eclipse Manufacturing Co. v. M and M Rental Center*, *Inc.*, 496 F. Supp. 2d 937 (N.D. Ill. 2007), for example, an assignor transferred all of its rights in ongoing litigation **without retaining any interest**, financial or otherwise, in the litigation's outcome. *Id.* at 939. The same is true with respect to all of the cases cited by Arch—each assignee unconditionally assigned away their litigation rights without maintaining any interest in the outcomes. In the present case, however, Bright's debt to TCF Bank is directly impacted by the outcome of this litigation. Arch's cases are therefore inapposite.

### III. Rule 17(a) is Inapplicable With Respect to the Arch Litigation

Finally, Federal Rule 17(a) is wholly inapplicable to Bright's first affirmative defense (for setoff) in the Arch Litigation. Rule 17(a) states that an action "must be *prosecuted* in the name of the real party in interest." Fed. R. Civ. P. 17(a). The committee notes recognize that the purpose for the rule is to protect *defendants* from future liability. Advisory Committee Notes to 1966 Amendment to Fed. R. Civ. P. 17(a). Arch cites no case law, and Bright is aware of none, that stands for the proposition that Rule 17(a) may be used to seek any relief. To the contrary, such an interpretation contradicts the rule's plain language. For this reason as well, the Court should deny Arch's motion to dismiss Bright's first affirmative defense in the Arch Litigation, or alternatively, to name TCF Bank as the real party-in-interest.

WHEREFORE, R.A. Bright Construction, Inc. hereby requests that this Court deny Arch Insurance Company's Rule 17(a) motion.

Respectfully submitted,

R.A. BRIGHT CONSTRUCTION, INC.

By:    /s/ Jeffrey S. Becker
       One of its Attorneys

6

Jeffrey D. Corso
Steven E. Danekas
Jeffrey S. Becker
Swanson, Martin & Bell, LLP
330 N. Wabash Ave.
33rd Floor
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I caused a true and correct copy of the above and foregoing **Opposition to Motion to Dismiss or, in the Alternative, to Join TCF National Bank as the Real Party-in-Interest** to be sent via e-filing to all attorneys of record, on June 16, 2010.

                                                          /s/ Jeffrey S. Becker